UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
717 Madison Place, NW
Washington,  DC   20439
**NOTICE OF APPEAL NOTIFICATION FORM**
**Court of Appeals No.** _____

**CASE INFORMATION:**

Short Case Title: _____ Kramer, et al. v Creative Compounds LLC ___

District, Division & Judge ___ **AZ - PHX** - Judge James A Teilborg _____

**District Court Case No.** _____ **CV 11-1965-PHX-JAT** _____

Date Complaint Filed: _____ 10/7/2011 _____

Case Type: _____ 35:271 Patent Infringement _____

Date Appealed judgment *entered*: ___ 1/3/2014 _____

Date NOA *filed*: ___ 2/3/2014 ___

☐ Certificate of Record included - No Court Reporter

Court Reporter(s) Name & Phone Number: ___ David German 602-322-7251 _____

_____

_____

*Magistrate Judge's Order?  If so, please attach.*

**FEE INFORMATION**

Date Docket Fee Paid: ___ 2/3/2014 ___          Date Docket Fee Billed: _____

Date IFP granted: _____          Date IFP denied: _____

Is IFP pending? ☐ yes  ☐ no          Was IFP limited ☐? Revoked ☐?

US Government Appeal? ☐ yes  ☐ no

Companion Cases?  Please list: __ CV-11-2033-PHX-JAT _____

*Please attach copy of any order granting, denying or revoking IFP.*

**COUNSEL INFORMATION (please include email address)**

Appellate Counsel:                    Appellee Counsel:

☒ retained  ☐ CJA  ☐ FPD  ☐ Pro Se  ☐ Other ----- *Please attach appointment order.*

☒ **See attached docket for names/addresses/phone numbers**

Other docs included in this packet: Notice of Appeal, Judgment and Docket Sheet

Name & Phone Number of Person Completing this Form: . ___ s/ Linda S Patton ____
                                                                            602-322-7221

**Please acknowledge receipt of this appeal on the enclosed copy.**

1

2 **Thomas DeGroot (admitted *pro hac*)**
**LAW OFFICES OF THOMAS DEGROOT, LLC**
1926 Chouteau Ave,
3 **Saint Louis, MO 63103**
**Telephone: (314) 449-6616**
4 **Facsimile: (314) 726-7607**
tom@degrootlaw.net
5

**Maria Crimi Speth**
6 **Adam S. Kunz**
**Jaburg & Wilk, P.C.**
7 **3200 N. Central Ave., Suite 2000**
**Phoenix, AZ 85012**
8

**Attorneys for Defendant Creative Compounds, LLC**
9

10                    UNITED STATES DISTRICT COURT
11                   FOR THE DISTRICT OF ARIZONA

12 | Ron Kramer, an Arizona resident; Sal
Abraham, a Florida resident; ThermoLife | Case No. 2:11-cv-1965-PHX-JAT (Lead)
13 | International LLC, an Arizona limited | 2:11-cv-2033-PHX-JAT (Cons)
liability company,

14
Plaintiffs,                 **NOTICE OF APPEAL TO THE UNITED**
15                                        **STATES COURT OF APPEALS FOR**
v.                                    **THE FEDERAL CIRCUIT**
16
Creative Compounds LLC, a Nevada
17 limited liability company,

18                    Defendant.

19 Creative Compounds LLC, a Nevada
limited liability company,
20
Plaintiff,
21
v.
22
Ron Kramer, an Arizona resident; and
23 Sal Abraham, a Florida resident,

24                    Defendants.

25

26         Notice is hereby given that Creative Compounds, LLC ("Creative"), defendant in

27 the lead case and plaintiff in the consolidated case referenced above, hereby appeals to the

28 United States Court of Appeals for the Federal Circuit from the Court's Order, dated

Law Offices of Thomas DeGroot, LLC
7733 Forsyth Blvd. Suite 1100
Saint Louis, MO 63105
(314) 296-6070

1

November 15, 2013 (Doc. 71) and final Judgment (Doc. 81), entered in this action on the

3rd day of January, 2014.

Dated:  February 3, 2014

/s/ Thomas DeGroot
Thomas J. DeGroot (admitted *pro hac vice*)
LAW OFFICES OF THOMAS DEGROOT, LLC
1926 Chouteau Ave.
Saint Louis, MO 63103
314-449-6616
314-726-7607 (fax)
tom@degrootlaw.com

Maria Crimi Speth
Adam S. Kunz
Jaburg & Wilk, P.C.
3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2014, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Gregory B. Collins (#023158)
Jenessa G. B. Coccaro (#027090)
KERCSMAR & FELTUS PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
gbc@kflawaz.com
jbc@kflawaz.com
Counsel for Defendant

By:___ /s/ Thomas DeGroot _____

Law Offices of Thomas DeGroot, LLC
7733 Forsyth Blv... Suite 1100
Saint Louis, MO 63105
(314) 296-6070

APPEAL,CLOSED,LEAD,PROTO,STD

# U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CIVIL DOCKET FOR CASE #: 2:11-cv-01965-JAT

Kramer et al v. Creative Compounds LLC
Assigned to: Senior Judge James A Teilborg
Member case:
   2:11-cv-02033-JAT
Cause: 35:271 Patent Infringement

Date Filed: 10/07/2011
Date Terminated: 01/03/2013
Jury Demand: Plaintiff
Nature of Suit: 830 Property Rights:
Patent
Jurisdiction: Federal Question

**Plaintiff**

**Ron Kramer**
*an Arizona resident*

represented by **Eric B Hull**
Kercsmar & Feltus PLLC
7150 E Camelback Rd., Ste. 285
Scottsdale, AZ 85251
480-421-1001
Fax: 480-421-1002
Email: ebh@kflawaz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Blain Collins**
Kercsmar & Feltus PLLC
7150 E Camelback Rd., Ste. 285
Scottsdale, AZ 85251
480-421-1001
Fax: 480-421-1002
Email: gbc@kflawaz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jenessa GB Coccaro**
Kercsmar & Feltus PLLC
6263 N Scottsdale Rd., Ste. 320
Scottsdale, AZ 85250
480-421-1001
Fax: 480-421-1002
Email: jbc@kflawaz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sal Abraham**
*a Florida resident*

represented by **Eric B Hull**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Gregory Blain Collins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jenessa GB Coccaro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ThermoLife International LLC**            represented by    **Eric B Hull**
*an Arizona limited liability company*                       (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Gregory Blain Collins**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jenessa GB Coccaro**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Creative Compounds LLC**                  represented by    **Adam S Kunz**
*a Nevada limited liability company*                         Jaburg & Wilk PC - Phoenix, AZ
                                                             3200 N Central Ave., Ste. 2000
                                                             Phoenix, AZ 85012
                                                             602-248-1014
                                                             Fax: 602-248-0522
                                                             Email: ask@jaburgwilk.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Thomas J DeGroot**
                                                             Law Offices of Thomas DeGroot LLC
                                                             7733 Forsyth Blvd., Ste. 1100
                                                             St Louis, MO 63105
                                                             314-812-2668
                                                             Fax: 314-812-2505
                                                             Email: tom@degrootlaw.net
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Maria Crimi Speth**
Jaburg & Wilk PC
Great American Tower
3200 N Central Ave
Ste 2000
Phoenix, AZ 85012
602-248-1000
Fax: 602-248-0522
Email: mcs@jaburgwilk.com
*ATTORNEY TO BE NOTICED*

**Matthew A Rosenberg**
Law Offices of Matthew Rosenberg
LLC
36 Four Seasons Ctr., Ste. 116
St Louis, MO 63017
314-256-9699
Fax: 314-786-0532
Email: matt@lomr-law.com
*TERMINATED: 08/30/2012*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/07/2011 | 1 | COMPLAINT. Filing fee received: $ 350.00, receipt number 0970-5912708, filed by Ron Kramer, Sal Abraham, ThermoLife International LLC. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet)(Submitted by Gregory Collins)(JRD) (Entered: 10/07/2011) |
| 10/07/2011 | 2 | Corporate Disclosure Statement by ThermoLife International LLC. (Submitted by Gregory Collins) (JRD) (Entered: 10/07/2011) |
| 10/07/2011 | 3 | SUMMONS Submitted by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Submitted by Gregory Collins) (JRD) (Entered: 10/07/2011) |
| 10/07/2011 | 4 | Filing fee paid, receipt number 0970-5912708. This case has been assigned to the Honorable James A Teilborg. All future pleadings or documents should bear the correct case number: CV-11-1965-PHX-JAT. Notice of Availability of Magistrate Judge to Exercise Jurisdiction form attached. (JRD) (Entered: 10/07/2011) |
| 10/07/2011 | 5 | Summons Issued as to Creative Compounds LLC. (JRD). *** IMPORTANT: When printing the summons, select "Document and stamps" or "Document and comments" for the seal to appear on the document. (Entered: 10/07/2011) |
| 10/07/2011 | 6 | STANDARD TRACK ORDER. Signed by Judge James A Teilborg on 10/7/2011. (TLB) (Entered: 10/07/2011) |
| 10/12/2011 | 7 | MOTION for Admission Pro Hac Vice as to attorney Matthew A. |

| | | Rosenberg by Creative Compounds LLC. (Attachments: # 1 Appendix Attorney Admissions, # 2 Exhibit Certificate of Good Standing USDC E.D.Mo.)(Rosenberg, Matthew) (Entered: 10/12/2011) |
|---|---|---|
| 10/12/2011 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX114623 as to Matthew A Rosenberg. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 10/12/2011) |
| 10/12/2011 | 8 | ORDER pursuant to General Order 09-08 granting 7 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 10/12/2011) |
| 10/12/2011 | 9 | Corporate Disclosure Statement by Creative Compounds LLC. (Rosenberg, Matthew) (Entered: 10/12/2011) |
| 10/27/2011 | 10 | Consent MOTION to Consolidate Cases *with 2:11-cv-2033* by Creative Compounds LLC. (Rosenberg, Matthew) (Entered: 10/27/2011) |
| 10/28/2011 | 11 | ANSWER to 1 Complaint with Jury Demand by Creative Compounds LLC.(Rosenberg, Matthew) (Entered: 10/28/2011) |
| 11/09/2011 | 12 | CONSOLIDATION ORDER - LEAD CASE granting the consent motion to consolidate 10 ; CV 11-2033 is consolidated with CV 11-1965. All future filings in CV 11-2033 shall be filed in the lead case number: CV 11-1965-PHX-JAT. Signed by Judge James A Teilborg on 11/8/11. (TLJ) (Entered: 11/09/2011) |
| 11/09/2011 | 13 | ORDER - Rule 16 Scheduling Conference set for 12/12/2011 at 02:15 PM in Courtroom 503, 401 West Washington Street, Phoenix, AZ 85003 before Judge James A Teilborg. Signed by Judge James A Teilborg on 11/9/2011. (TLB) (Entered: 11/09/2011) |
| 11/30/2011 | 14 | MOTION to Continue Deadlines For 60 Days by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Collins, Gregory) (Entered: 11/30/2011) |
| 11/30/2011 | 15 | ORDER (TEXT-ONLY) - granting 14 Motion to Continue Rule 16 Scheduling Conference and resetting Scheduling Conference from 12/12/2011 to 2/6/2012 at 10:00 AM in Courtroom 503, 401 West Washington Street, Phoenix, AZ 85003 before Judge James A Teilborg. (The proposed case management plan remains due 10 days before the scheduling conference (Doc. 13, page 4, lines 17-20). Entered by Judge James A Teilborg on 11/30/2011. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (TLB) (Entered: 11/30/2011) |
| 12/16/2011 | 16 | Letter from Sharon B. Rosenberg, Thompson Coburn LLP re counsel of record Matthew A. Rosenberg. (TLJ) (Entered: 12/16/2011) |
| 01/06/2012 | 17 | MOTION for Admission Pro Hac Vice as to attorney Thomas J DeGroot |

| | | on behalf of Creative Compounds LLC. (BAS) (Entered: 01/09/2012) |
|---|---|---|
| 01/09/2012 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX117501 as to Thomas J DeGroot. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 01/09/2012) |
| 01/09/2012 | 18 | ORDER pursuant to General Order 09-08 granting 17 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 01/09/2012) |
| 01/27/2012 | 19 | REPORT of Rule 26(f) Planning Meeting by Sal Abraham, Creative Compounds LLC, Ron Kramer, ThermoLife International LLC. (Collins, Gregory) (Entered: 01/27/2012) |
| 02/02/2012 | 20 | *NOTICE of Appearance by Maria Crimi Speth and Adam S. Kunz on behalf of Creative Compounds LLC (Speth, Maria) *Modified to add Adam S. Kunz to docket text only on 2/3/2012 (TLJ). (Entered: 02/02/2012) |
| 02/06/2012 | 21 | MINUTE ENTRY (TEXT-ONLY) - Proceedings held before Judge James A Teilborg: Appearances: Gregory B. Collins for plaintiffs. Maria Speth and Thomas Degroot for defendant. Rule 16 Scheduling Conference held on 2/6/2012. Deadlines set. Rule 16 Scheduling Order to issue. (Court Reporter David German.) This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (TLB) (Entered: 02/06/2012) |
| 02/06/2012 | 22 | SCHEDULING ORDER: Discovery due by 3/15/2013. Dispositive motions due by 4/12/2013. Signed by Judge James A Teilborg on 2/6/2012. (TLB) (Entered: 02/06/2012) |
| 02/27/2012 | 23 | NOTICE re Plaintiffs' Notice of Service of Initial Disclosure Statement by Sal Abraham, Ron Kramer, ThermoLife International LLC . (Coccaro, Jenessa) (Entered: 02/27/2012) |
| 02/28/2012 | 24 | NOTICE re SERVICE OF INITIAL DISCLOSURE STATEMENT by Creative Compounds LLC . (Speth, Maria) (Entered: 02/28/2012) |
| 05/07/2012 | 25 | NOTICE re Notice of Service of Plaintiffs' First Request for Production of Documents and First Set of Interrogatories to Defendant by Sal Abraham, Ron Kramer, ThermoLife International LLC . (Collins, Gregory) (Entered: 05/07/2012) |
| 06/08/2012 | 26 | NOTICE of Change of Address by Maria Crimi Speth. (Speth, Maria) (Entered: 06/08/2012) |
| 06/21/2012 | 27 | NOTICE re Plaintiffs' Notice of Service of Notice of Depositions of Derek Cornelius, Karla Cornelius and Corey McNeely by Sal Abraham, Ron Kramer, ThermoLife International LLC . (Collins, Gregory) (Entered: 06/21/2012) |

| 06/22/2012 | <u>28</u> | NOTICE of Deposition of Ron Kramer, filed by Creative Compounds LLC. (Speth, Maria) (Entered: 06/22/2012) |
|---|---|---|
| 07/24/2012 | <u>29</u> | NOTICE re SERVICE OF DEFENDANTS FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS by Creative Compounds LLC . (Speth, Maria) (Entered: 07/24/2012) |
| 08/22/2012 | <u>30</u> | NOTICE re Service of the Depositions of Karla and Derek Cornelius, Corey McNeely and Richard and Brenda Nixon by Sal Abraham, Ron Kramer, ThermoLife International LLC . (Collins, Gregory) (Entered: 08/22/2012) |
| 08/28/2012 | <u>31</u> | *MOTION *Joint Motion to Extend Expert Disclosure Deadlines* by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Attachments: # <u>1</u> Text of Proposed Order)(Collins, Gregory) *Modified to correct motion type on 8/29/2012 (TLJ). (Entered: 08/28/2012) |
| 08/29/2012 | <u>32</u> | NOTICE re Notice of Service of Responses to Defendant's First Set of Request for Production of Documents and First Set of Interrogatories by Sal Abraham, Ron Kramer, ThermoLife International LLC . (Collins, Gregory) (Entered: 08/29/2012) |
| 08/30/2012 | <u>33</u> | ORDER - granting <u>31</u> Motion to Extend Expert Disclosure Deadlines. Party with the burden of proof on an issue shall disclose the identify of any persons who may be used at trial to present evidence no later than 12/17/2012. Responding party shall disclose the identify of any persons who may be used at trial to prsent evidence no later than 1/14/2013. Rebuttal expert disclosure is due no later than 2/6/2013. No other deadlines set forth in the 2/6/2012 scheduling order are modified by this Order. Signed by Judge James A Teilborg on 8/30/2012.(TLB) (Entered: 08/30/2012) |
| 08/30/2012 | <u>34</u> | NOTICE re Notice of Service of the Second Amended Depositions of Karla and Derek Cornelius, Corey McNeely and the First Amended Deposition of Richard Nixon by Sal Abraham, Ron Kramer, ThermoLife International LLC . (Collins, Gregory) (Entered: 08/30/2012) |
| 09/13/2012 | 35 | Minute Order: Request for Copyright, Trademark, or Patent Information. This case has been designated as a copyright, trademark, or patent case. The Clerk's Office is required to provide information to the Patent and Trademark Office and/or Copyright Office regarding this case. For patent or trademark cases, the following information is required: itemized list of each patent or trademark that is the subject of the litigation, date of each patent or trademark, and the holder of the patent or trademark. For copyright cases, the following information is required: the registration number for the copyright(s) that are the subject of the litigation, the Title of the Work(s) for that copyright(s), and the Author(s) for each copyright. <br><br> Therefore, within five (5) days, you must provide the above information to the Clerk's Office by filing a Notice with the Court using the specific event: Notice of Filing - Copyright, Trademark or Patent Information, |

| | | |
|---|---|---|
| | | found under the Other Filings header. If additional patents, copyrights, or trademarks are alleged in a responsive pleading, then defendant is also required to provide the above information within five (5) days of this minute order. (CLB) (Entered: 09/13/2012) |
| 09/17/2012 | 36 | NOTICE re Plaintiffs' Notice of Service of First Supplemental Disclosure Statement by Sal Abraham, Ron Kramer, ThermoLife International LLC . (Collins, Gregory) (Entered: 09/17/2012) |
| 09/18/2012 | 37 | NOTICE of Filing - Copyright, Trademark or Patent Information filed by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Collins, Gregory) (Entered: 09/18/2012) |
| 10/26/2012 | 38 | NOTICE re Plaintiffs' Notice of Service of Second Supplemental Disclosure Statement by Sal Abraham, Ron Kramer, ThermoLife International LLC . (Collins, Gregory) (Entered: 10/26/2012) |
| 10/26/2012 | 39 | NOTICE re Plaintiffs' Notice of Service of Plaintiffs' First Amended Response to Defendant's First Set of Request for Production of Documents by Sal Abraham, Ron Kramer, ThermoLife International LLC . (Collins, Gregory) (Entered: 10/26/2012) |
| 11/02/2012 | 40 | NOTICE re Plaintiffs' Notice of Service of the Third Amended Depositions of Karla and Derek Cornelius, Corey McNeely and the Second Amendecd Deposition of Richard Nixon by Sal Abraham, Ron Kramer, ThermoLife International LLC . (Collins, Gregory) (Entered: 11/02/2012) |
| 11/12/2012 | 41 | STIPULATION For Entry of PROTECTIVE ORDER by Sal Abraham, Creative Compounds LLC, Ron Kramer, ThermoLife International LLC. (Attachments: # 1 proposed order)(KMG) (Entered: 11/13/2012) |
| 11/14/2012 | 42 | PROTECTIVE ORDER upon Stipulation 41 (please see attached order for complete information). Signed by Judge James A Teilborg on 11/14/12. (TLJ) (Entered: 11/14/2012) |
| 11/20/2012 | 43 | Joint MOTION for Extension of Time to Extend Expert Disclosure Deadlines by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Attachments: # 1 Text of Proposed Order)(Collins, Gregory) (Entered: 11/20/2012) |
| 11/26/2012 | 44 | ORDER RE SECOND MOTION TO EXTEND EXPERT DISCLOSURE DEADLINES modifying the Court's 2/6/12 Scheduling Order re granting 43 Motion for Extension of Time(please see attached order for complete information). Signed by Judge James A Teilborg on 11/26/12.(TLJ) (Entered: 11/26/2012) |
| 12/11/2012 | 45 | NOTICE re Plaintiffs' Notice of Service of Amended Depositions by Sal Abraham, Ron Kramer, ThermoLife International LLC . (Collins, Gregory) (Entered: 12/11/2012) |
| 01/08/2013 | 46 | Joint MOTION for Extension of Time to Extend Expert Disclosure Deadlines by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Attachments: # 1 Text of Proposed Order)(Collins, Gregory) (Entered: |

| | | 01/08/2013) |
|---|---|---|
| 01/09/2013 | 47 | ORDER granting 46 Motion to Extend Expert Disclosure Deadlines. Party with burden of proof on an issue to disclose identity of any person who may be used at trial to present evidence no later than 2/22/2013. Responding Party to disclose identify of any person why may be used at trial to present evidence by 3/4/2013. Rebuttal expert disclosure by 4/4/2013. Discovery due by 5/15/2013. Dispositive motions due by 5/22/2013. Signed by Judge James A Teilborg on 1/9/2013.(TLB) (Entered: 01/09/2013) |
| 01/10/2013 | 48 | NOTICE re Plaintiffs' Notice of Service of Amended Depositions by Sal Abraham, Ron Kramer, ThermoLife International LLC . (Collins, Gregory) (Entered: 01/10/2013) |
| 01/28/2013 | 49 | NOTICE re Plaintiffs' Notice of Service of Amended Depositions by Sal Abraham, Ron Kramer, ThermoLife International LLC . (Collins, Gregory) (Entered: 01/28/2013) |
| 02/25/2013 | 50 | NOTICE re Service of Thrid Supplemental Disclosure Statement by Sal Abraham, Ron Kramer, ThermoLife International LLC . (Collins, Gregory) (Entered: 02/25/2013) |
| 03/11/2013 | 51 | MOTION for Summary Judgment *on Defendant's Declaratory Judgment Complaint and Plaintiffs' Claim for Patent Infringement* by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Collins, Gregory) (Entered: 03/11/2013) |
| 03/11/2013 | 52 | *STATEMENT of Facts in Support of Their Motion for Summary Judgment re 51 on Defendant's Declaratory Judgment Complaint and Plaintiffs' Claim for Patent Infringement by Plaintiffs Sal Abraham, Ron Kramer, ThermoLife International LLC. (Attachments: # 1 Exhibit 1-8) (Collins, Gregory) *Modified to link to document on 3/12/2013 (TLJ). (Entered: 03/11/2013) |
| 03/27/2013 | 53 | MOTION for Summary Judgment by Creative Compounds LLC. (Speth, Maria) (Entered: 03/27/2013) |
| 03/27/2013 | 54 | STATEMENT of Undisputed Material Facts re 53 MOTION for Summary Judgment by Defendant Creative Compounds LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Speth, Maria) (Entered: 03/27/2013) |
| 03/28/2013 | 55 | NOTICE of Errata re 53 MOTION for Summary Judgment by Defendant Creative Compounds LLC. (Attachments: # 1 Errata)(Speth, Maria) (Entered: 03/28/2013) |
| 04/10/2013 | 56 | RESPONSE to Motion re 51 MOTION for Summary Judgment *on Defendant's Declaratory Judgment Complaint and Plaintiffs' Claim for Patent Infringement* filed by Creative Compounds LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Speth, Maria) (Entered: 04/10/2013) |
| 04/29/2013 | 57 | *RESPONSE to Motion re 53 MOTION for Summary Judgment *and* |

| | | |
|---|---|---|
| | | Cross-Motion for Summary Judgment on Creative's Newly Asserted Defense of Invalidity Pursuant to 102(a) and (b) filed by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Collins, Gregory) *Modified to add motion part on 4/30/2013 (LFIG). (Entered: 04/29/2013) |
| 04/29/2013 | 58 | STATEMENT of Plaintiffs' Response to Defendants' Statement of Facts and Controverting Statement of Facts re 54 Statement, by Plaintiffs Sal Abraham, Ron Kramer, ThermoLife International LLC. (Collins, Gregory) (Entered: 04/29/2013) |
| 04/29/2013 | 59 | REPLY to Response to Motion re 51 MOTION for Summary Judgment *on Defendant's Declaratory Judgment Complaint and Plaintiffs' Claim for Patent Infringement* filed by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Collins, Gregory) (Entered: 04/29/2013) |
| 05/02/2013 | 60 | STIPULATION *to Extend Deadlines to File Reply to Plaintiff's Response to Creative Compounds' Motion for Summary Judgment* by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Attachments: # 1 Text of Proposed Order)(Collins, Gregory) (Entered: 05/02/2013) |
| 05/06/2013 | 61 | ORDER pursuant to 60 Stipulation: Defendant's Reply to Plaintiffs' Response to 53 Creative Compounds' Motion for Summary Judgement and Defendant's Response to 57 Cross-Motion for Summary Judgment on Creative's Defense of Invalidity are due 6/3/2013. Signed by Senior Judge James A Teilborg on 5/6/2013. (TLB) (Entered: 05/06/2013) |
| 06/03/2013 | 62 | STIPULATION *to Extend Deadlines By Two Days To File Reply to Plaintiff's Response to Creative Compounds' Motion for Summary Judgment* by Creative Compounds LLC. (Attachments: # 1 Text of Proposed Order)(Speth, Maria) (Entered: 06/03/2013) |
| 06/03/2013 | 63 | ORDER RE STIPULATION 62 that Defendant's Reply to Plaintiffs' Response to Creative Compounds' Motion for Summary Judgment and Defendant's Response to Cross-Motion for Summary Judgment shall be due on 6/5/13. Signed by Senior Judge James A Teilborg on 6/3/13. (TLJ) (Entered: 06/03/2013) |
| 06/05/2013 | 64 | *STIPULATION *to Extend Deadlines by Seven Days to File Reply to Plaintiffs' Response to Creative Compounds' Motion 57 for Summary Judgment* by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Attachments: # 1 Text of Proposed Order)(Collins, Gregory) *Modified to include document relationship on 6/6/2013 (KMG). (Entered: 06/05/2013) |
| 06/06/2013 | 65 | ORDER pursuant to 64 Stipulation that Defendant's Reply to Plaintiffs' Response to Creative Compounds' Motion for Summary Judgment and Defendant's Response to Cross-Motion for Summary Judgment on Creative's Newly Asserted Defense of Invalidity Pursuant to Sections 102 (a) and (b) are due by June 12, 2013. Signed by Senior Judge James A Teilborg on 6/6/13. (SJF) (Entered: 06/06/2013) |
| 06/12/2013 | 66 | *REPLY to Response to Motion re 53 MOTION for Summary Judgment and RESPONSE to Cross-Motion for Summary Judgment re 57 filed by |

|  |  | Creative Compounds LLC. (Speth, Maria) *Modified to add response and to link to document on 6/13/2013 (TLJ). (Entered: 06/12/2013) |
|---|---|---|
| 06/27/2013 | 67 | MOTION for Extension of Time to File Response/Reply *Plaintiffs' Unopposed Motion to Extend Deadline to File Reply in Support of Plaintiffs' Cross-Motion for Summary Judgment* by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Attachments: # 1 Text of Proposed Order)(Collins, Gregory) (Entered: 06/27/2013) |
| 07/01/2013 | 68 | ORDER granting 67 Plaintiffs' Motion for Extension of Time to File Reply re 57 Motion for Summary Judgment. Plaintiffs' Reply in Support of their Cross-Motion for Summary Judgment on Creative's Newly Asserted Defense of Invalidity is due 7/15/2013. Signed by Senior Judge James A Teilborg on 7/1/2013.(TLB) (Entered: 07/01/2013) |
| 07/15/2013 | 69 | *REPLY *in Support of Their Cross-Motion for Summary Judgment on Creative's Newly Asserted Defense of Invalidity Pursuant to §§ 102(a) and (b) re 57 *Motion by Plaintiffs Sal Abraham, Ron Kramer, ThermoLife International LLC. (Collins, Gregory) *Modified to link to document on 7/16/2013 (TLJ). (Entered: 07/15/2013) |
| 09/26/2013 | 70 | NOTICE of Change of Address by Gregory Blain Collins. (Collins, Gregory) (Entered: 09/26/2013) |
| 11/15/2013 | 71 | ORDER - The Court rules as follows: ORDERED that 53 Creatives Motion for Summary Judgment asking this Court to declare the 533 Patent invalid is DENIED; 53 Creatives Motion for Summary Judgment on Counts I and III is DENIED. 53 Creatives Motion for Summary Judgment on Count II only is GRANTED. FURTHER ORDERED that 51 ThermoLifes Motion for Summary Judgment is DENIED as to Count II. Consistent with this Order, Counts I and III are dismissed, without prejudice, because they are not ripe. FURTHER ORDERED that 57 ThermoLifes Cross-Motion for Summary Judgment on CV 11-2033-PHX-JAT (in CV 11-2033-PHX-JAT Creative seeks a declaration that the 533 Patent is invalid) is GRANTED. ThermoLife shall submit a proposed form of judgment for CV 11-2033-PHX-JAT within 17 days of the date of this order. Creative may file any objections to the judgment within 14 days of when it is filed. FINALLY ORDERED that because neither party moved for summary judgment on Count IV in CV 11-1965-PHX-JAT, the Court will proceed to trial on that claim. An Order setting Final Pretrial Conference will follow. Signed by Senior Judge James A Teilborg on 11/15/2013.(TLB) (Entered: 11/15/2013) |
| 12/02/2013 | 72 | Joint MOTION for Extension of Time For Plaintiffs to Submit Proposed Form of Judgment and Application for Attorneys Fees by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Attachments: # 1 Text of Proposed Order)(Collins, Gregory) (Entered: 12/02/2013) |
| 12/02/2013 | 73 | BILL OF COSTS by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Collins, Gregory) (Entered: 12/02/2013) |
| 12/02/2013 | 74 | AFFIDAVIT/SUPPORTING DOCUMENT to BILL OF COSTS :*Memorandum of Bill of Costs* re 73 by Sal Abraham, Ron |

| | | |
|---|---|---|
| | | Kramer, ThermoLife International LLC. (Attachments: # 1 Exhibit) (Collins, Gregory) (Entered: 12/02/2013) |
| 12/04/2013 | 75 | ORDER (TEXT-ONLY) - IT IS ORDERED granting 72 Motion for Extension of Time to Submit a Proposed Form of Judgment. The proposed form of judgment must be filed with the Court (and e-mailed to chambers) by December 12, 2013. Any motions for attorneys fees is due within the time provided in Federal Rule of Civil Procedure 54(d)(2)(B)(i). Entered by Senior Judge James A Teilborg on 12/4/2013. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (TLB) (Entered: 12/04/2013) |
| 12/05/2013 | 76 | Taxation of Costs - Plaintiff filed a Bill of Costs seeking the taxation of $4,382.95. The Clerk finds that under Rule LRCiv 54.1(a) the matter is DENIED. The Bill of Costs is determined to be untimely filed as no judgment has been issued in the case. The Bill of Costs may be refiled after judgment has been entered. Signed by Chief Deputy Clerk Michael O'Brien on 12/05/13. (CSL) (Entered: 12/05/2013) |
| 12/12/2013 | 77 | ORDER - Final Pretrial Conference set for 3/25/2014 at 04:00 PM in Courtroom 503, 401 West Washington Street, Phoenix, AZ 85003 before Senior Judge James A Teilborg. A joint proposed Final Pretrial Order shall be prepared, signed and lodged with the Court by 2/18/2014. If the case shall be tried to a jury, the parties shall file and serve all motions in limine no later than 2/4/2014. Responses to motions in limine are due 3/4/2014. No replies will be permitted. (See attached Order for details). Signed by Senior Judge James A Teilborg on 12/11/13. (TLB) (Entered: 12/12/2013) |
| 12/12/2013 | 78 | ** DOCUMENT CONVERTED TO MOTION FOR ENTRY OF FINAL JUDGMENT PER ORDER 80 ** *NOTICE re Proposed Form of Judgment by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Attachments: # 1 Proposed Judgment)(Collins, Gregory) *Modified to correct docket text on 12/13/2013 (ALS). Modified on 12/16/2013 (LAD). (Entered: 12/12/2013) |
| 12/13/2013 | 79 | Joint MOTION to Dismiss Counts/Claims : IV by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Attachments: # 1 Text of Proposed Order)(Collins, Gregory) (Entered: 12/13/2013) |
| 12/16/2013 | 80 | ORDER - IT IS ORDERED that Joint Motion (Doc. 79 ) is granted such that Count IV (only) of Plaintiffs' Complaint in CV 11-1965-PHX-JAT is dismissed without prejudice with both sides to bear their own attorneys' fees and costs on only Count IV. IT IS FURTHER ORDERED that, as a result of this dismissal, the Final Pretrial Conference set for March 25, 2014 is vacated. IT IS FINALLY ORDERED that the Clerk of the Court shall convert the notice at Doc. 78 to a motion for entry of final judgment. Signed by Senior Judge James A Teilborg on 12/16/13. (LAD) (Entered: 12/16/2013) |
| 01/03/2014 | 81 | JUDGMENT on all claims in both the lead and the consolidated case as follows:1. Creative's claims that U.S. Patent No. 7,919,533 B2 is invalid |

| | | | |
|---|---|---|---|
| | | | are dismissed with prejudice. 2. Plaintiffs' claim that Creative has induced infringement of U.S. Patent No. 7,919,533 B2 is dismissed with prejudice. 3. Plaintiffs' claims that Creative has directly infringed and/or committed contributory infringement of U.S. Patent No. 7,919,533 B2 are dismissed as not ripe for decision. 4. Consistent with the Order at Doc. 80, Plaintiffs' claim that Creative has falsely advertised its product in violation 15 U.S.C. § 1125(a)(1)(B) is dismissed without prejudice with both sides to bear their own attorneys' fees and costs on just this claim. 5. The matter of costs and attorneys' fees, as between the respective parties, shall be reserved pending the entry of a final decree in this cause. Signed by Senior Judge James A Teilborg on 1/3/2014. (KMG) (Entered: 01/03/2014) |
| 01/17/2014 | ⇥ | 82 | MOTION for Attorney Fees *and Non-Taxable Expenses* by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Attachments: # 1 Exhibit Exhibits 1-6, # 2 54.2(d)(2) Certification of Counsel)(Collins, Gregory) (Entered: 01/17/2014) |
| 01/17/2014 | | 83 | BILL OF COSTS by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Collins, Gregory) (Entered: 01/17/2014) |
| 01/17/2014 | | 84 | AFFIDAVIT/SUPPORTING DOCUMENT to BILL OF COSTS *Memorandum of Bill of Costs* re 83 by Sal Abraham, Ron Kramer, ThermoLife International LLC. (Attachments: # 1 Exhibit)(Collins, Gregory) (Entered: 01/17/2014) |
| 01/23/2014 | | 85 | OBJECTION/ANSWER/RESPONSE to BILL OF COSTS re 83 by Creative Compounds LLC. (DeGroot, Thomas) (Entered: 01/23/2014) |
| 02/03/2014 | ⇥ | 86 | * MOTION for Extension of Time Extension of Time *to file Response to Plaintiffs' Motion for Award of Attorneys' Fees and Non-Taxable Expenses (DE 82)* by Creative Compounds LLC. (Attachments: # 1 Text of Proposed Order Extension of time to file Response to Plaintiffs' Motion for Award of Attorneys' Fees and Non-Taxable Expenses)(DeGroot, Thomas) * Modified to correct event. Document not in compliance with LRCiv 7.1(c); attorney noticed on 2/3/2014 (LAD). (Entered: 02/03/2014) |
| 02/03/2014 | | 87 | NOTICE OF APPEAL to Federal Circuit re: 81 Judgment, 71 Order on Motion for Summary Judgment by Creative Compounds LLC. Filing fee received: $ 505.00, receipt number 0970-10091204. (DeGroot, Thomas) (Entered: 02/03/2014) |

APPEAL,CLOSED,CONSOLIDATED,STD

# U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CIVIL DOCKET FOR CASE #: 2:11-cv-02033-JAT

Creative Compounds, L.L.C. v. Kramer et al
Assigned to: Senior Judge James A Teilborg
Lead case: 2:11-cv-01965-JAT
Member case:
   2:11-cv-02033-JAT
Case in other court: Missouri Eastern, 1:11-cv-00172
Cause: 28:2201 Declaratory Judgment

Date Filed: 10/19/2011
Date Terminated: 01/03/2014
Jury Demand: Defendant
Nature of Suit: 830 Property Rights:
Patent
Jurisdiction: Federal Question

**Plaintiff**

**Creative Compounds LLC**                    represented by **Matthew A Rosenberg**
Law Offices of Matthew Rosenberg
LLC
36 Four Seasons Ctr., Ste. 116
St Louis, MO 63017
314-256-9699
Fax: 314-786-0532
Email: matt@lomr-law.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ron Kramer**                    represented by **Jenessa GB Coccaro**
Kercsmar & Feltus PLLC
6263 N Scottsdale Rd., Ste. 320
Scottsdale, AZ 85250
480-421-1001
Fax: 480-421-1002
Email: jbc@kflawaz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Blain Collins**
Kercsmar & Feltus PLLC
7150 E Camelback Rd., Ste. 285
Scottsdale, AZ 85251
480-421-1001
Fax: 480-421-1002
Email: gbc@kflawaz.com
*ATTORNEY TO BE NOTICED*

**Defendant**

Sal Abraham                               represented by  **Jenessa GB Coccaro**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Gregory Blain Collins**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Counter Claimant**

Sal Abraham                               represented by  **Jenessa GB Coccaro**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Gregory Blain Collins**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Counter Claimant**

Ron Kramer                                represented by  **Jenessa GB Coccaro**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Gregory Blain Collins**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

Creative Compounds LLC                    represented by  **Matthew A Rosenberg**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2011 | 1 | COMPLAINT *for Declaratory Judgment* against defendant All Defendants with receipt number 0865-2943075, in the amount of $350 Non-Jury Demand,, filed by Creative Compounds, L.L.C.. (Attachments: # 1 Civil Cover Sheet, # 2 Original Filing Form, # 3 Waiver of Service Kramer, # 4 Waiver of Service Abraham)(Rosenberg, Matthew) (Main Document 1 replaced on 9/26/2011) (MRS). (Attachment 2 replaced on 9/26/2011) (MRS). [Transferred from moed on 10/19/2011.] (Entered: 09/23/2011) |
| 09/23/2011 | 2 | DISCLOSURE OF CORPORATION INTERESTS CERTIFICATE by Plaintiff Creative Compounds, L.L.C.. Parent companies: Sterling International Enterprise, LLC, Subsidiaries: none, Publicly held company: |

| | | none,. (Rosenberg, Matthew) (Main Document 2 replaced on 9/26/2011) (MRS). [Transferred from moed on 10/19/2011.] (Entered: 09/23/2011) |
|---|---|---|
| 10/12/2011 | 3 | Consent MOTION to Transfer Case to U.S. District Court for the District of Arizona by Plaintiff Creative Compounds, L.L.C.. (Attachments: # 1 Exhibit Consent to Transfer)(Rosenberg, Matthew) [Transferred from moed on 10/19/2011.] (Entered: 10/12/2011) |
| 10/18/2011 | 4 | ORDER re 3 Consent MOTION to Transfer Case to U.S. District Court for the District of Arizona filed by Creative Compounds, L.L.C. is GRANTED. IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1631, the Clerk of Court is directed to transfer this action to the United States District Court for the District of Arizona, to be consolidated with the pending Case No. 2:11CVI965. Signed by Honorable Stephen N. Limbaugh, Jr on 10/18/11. (CSG) [Transferred from moed on 10/19/2011.] (Entered: 10/18/2011) |
| 10/19/2011 | 5 | Case transferred in from District of Missouri Eastern; Case Number 1:11-cv-00172. Original file certified copy of transfer order and docket sheet received. (Entered: 10/19/2011) |
| 10/19/2011 | 6 | Letter from USDC District of Arizona re Transfer Case from Eastern District of Missouri (formerly 1:11 cv 172). (MAP) (Entered: 10/19/2011) |
| 10/27/2011 | 7 | NOTICE re Motion to Consolidate Filed in Lower Number Case (2:11-cv-1965) by Creative Compounds LLC . (Rosenberg, Matthew) (Entered: 10/27/2011) |
| 11/03/2011 | 8 | ANSWER to Complaint with Jury Demand *and*, COUNTERCLAIM against Creative Compounds LLC by Sal Abraham, Ron Kramer.(Collins, Gregory) (Entered: 11/03/2011) |
| 11/09/2011 | 9 | CONSOLIDATION ORDER - MEMBER CASE granting the consent motion to consolidate 10 ; CV 11-2033 is consolidated with CV 11 1965. All future filings in CV 11-2033 shall be filed in the lead case number: CV 11-1965-PHX-JAT. Signed by Judge James A Teilborg on 11/8/11. (TLJ) (Entered: 11/09/2011) |
| 09/13/2012 | 10 | Minute Order: Request for Copyright, Trademark, or Patent Information. This case has been designated as a copyright, trademark, or patent case. The Clerk's Office is required to provide information to the Patent and Trademark Office and/or Copyright Office regarding this case. For patent or trademark cases, the following information is required: itemized list of each patent or trademark that is the subject of the litigation, date of each patent or trademark, and the holder of the patent or trademark. For copyright cases, the following information is required: the registration number for the copyright (s) that are the subject of the litigation, the Title of the Work(s) for that copyright(s), and the Author(s) for each copyright.

Therefore, within five (5) days, you must provide the above information to the Clerk's Office by filing a Notice with the Court using the specific event: Notice of Filing - Copyright, Trademark or Patent Information, found under the Other Filings header. If additional patents, copyrights, or trademarks are alleged in a responsive pleading, then defendant is also required to provide |

| | | the above information within five (5) days of this minute order. (CLB) (Entered: 09/13/2012) |
|---|---|---|
| 11/12/2012 | 11 | Joint MOTION for Protective Order by Sal Abraham, Ron Kramer. (Attachments: # 1 Text of Proposed Order)(Collins, Gregory) (Entered: 11/12/2012) |
| 11/13/2012 | 12 | NOTICE TO FILER OF DEFICIENCY re 11 Joint MOTION for Protective Order filed by Sal Abraham, Ron Kramer. Description of deficiency: Document filed in wrong case. (NOTE: The Joint Motion for Protective Order has been re-filed by the clerk in the correct "LEAD" case no: CV 11-1965-PHX-JAT as requested by chambers.) (KMG) (Entered: 11/13/2012) |
| 01/03/2014 | 13 | JUDGMENT on all claims in both the lead and the consolidated case as follows: 1. Creative's claims that U.S. Patent No. 7,919,533 B2 is invalid are dismissed with prejudice. 2. Plaintiffs' claim that Creative has induced infringement of U.S. Patent No. 7,919,533 B2 is dismissed with prejudice. 3. Plaintiffs' claims that Creative has directly infringed and/or committed contributory infringement of U.S. Patent No. 7,919,533 B2 are dismissed as not ripe for decision. 4. Consistent with the Order at Doc. 80, Plaintiffs' claim that Creative has falsely advertised its product in violation 15 U.S.C. § 1125(a)(1)(B) is dismissed without prejudice with both sides to bear their own attorneys' fees and costs on just this claim. 5. The matter of costs and attorneys' fees, as between the respective parties, shall be reserved pending the entry of a final decree in this cause.. Signed by Senior Judge James A Teilborg on 1/3/2014. (KMG) (Entered: 01/03/2014) |
| 02/03/2014 | | Remark: Appeal filed in Lead Case CV-11-1995, (Doc. 87 ) on 2/3/2014. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (LSP) (Entered: 02/04/2014) |

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Ron Kramer, an Arizona resident; Sal
Abraham, a Florida resident; ThermoLife
International LLC, an Arizona limited
liability company,

　　　　　　　　Plaintiffs,

v.

Creative Compounds LLC, a Nevada
limited liability company,

　　　　　　　　Defendant.

No. CV-11-01965-PHX-JAT (Lead)
No. CV-11-02033-PHX-JAT (Con)

**ORDER**

　　　　Pending before the Court is Ron Kramer's, Sal Abraham's, and ThermoLife International LLC's (collectively, "ThermoLife") Motion for Summary Judgment on Defendant's Declaratory Judgment Complaint and Plaintiff's Claim for Patent Infringement, Creative Compounds LLC's ("Creative") Motion for Summary Judgment, and ThermoLife's Cross-Motion for Summary Judgment on Creative's Newly Asserted Defense of Invalidity Pursuant to 102(a) and (b). Additionally, the Court examines the ripeness of ThermoLife's patent infringement claims *sua sponte*.

**I.　　Background**

　　　　Ron Kramer and Sal Abraham are the sole inventors listed on U.S. Patent No. 7,919,533 ("the '533 Patent"). (CV 11-1965, Doc. 52-1, Exhibit 2). The '533 Patent generally concerns the use of diiodothyroacetic acid ("DIAC") as a dietary supplement to promote lean body mass. *See id.* The claim at issue in this suit, Claim 11 of the '533

1 Patent, reads "[a] dietary supplement comprising [DIAC]." *Id.*

2      On September 23, 2011, Creative filed a complaint in the Eastern District of

3 Missouri seeking a declaratory judgment that Creative did not infringe the '533 Patent

4 and that the '533 Patent is invalid. (CV 11-02033, Doc. 1). In response, ThermoLife

5 filed a complaint in this Court alleging that Creative infringes the '533 Patent, induces

6 infringement of the '533 Patent, contributes to infringement of the '533 Patent, and

7 falsely advertises its products in violation 15 U.S.C. § 1125(a)(1)(B). (CV 11-1965, Doc.

8 1). These two actions were eventually consolidated and assigned to this Court. (CV 11-

9 1965, Doc. 12).

10      In the pending motions for summary judgment, ThermoLife now admits that

11 Creative has not sold any products containing DIAC. (CV 11-1965, Doc. 51 at 2 n.1).

12 Instead, ThermoLife now asserts that Creative infringed the '533 Patent by offering

13 DIAC for sale through emails with attached advertisements. *Id.* at 4.

14      In response, Creative requests that the Court grant summary judgment that the

15 '533 Patent is invalid under 35 U.S.C. § 102(a) and (b) because the invention was both

16 publicly used and on sale before the patent was filed.[1] (CV 11-1965, Doc. 53 at 6-10). In

17 particular, Creative alleges that, sometime in the year 2000, Derek Cornelius, currently a

18 consultant to Creative, received and used a sample of DIAC from Francisco Tabak as part

19 of an offer by Mr. Tabak to sell DIAC to Syntrax, Mr. Cornelius's company. *Id.*

20 Creative contends that these actions invalidate the '533 Patent because DIAC was used

21 by others and offered for sale more than one year before the '533 Patent was filed on

22 October 20, 2004. *Id.*

23 **II.    Analysis and Conclusions**

24      In the motions before the Court, the parties seek summary judgment on

25 ThermoLife's claims of direct, contributory, and induced patent infringement and

26

27      [1] Although Creative has cited to 35 U.S.C. §102(a) and (b), 35 U.S.C. § 102 has
recently been amended. The two defenses to patent validity Creative alleges, however,
28 have been included in the new version of 35 U.S.C. §102, under subsection (a)(1). Thus,
the Court will refer to the new version of the statute from this point forward.

1    Creative's claims that the '533 Patent is invalid as anticipated under 35 U.S.C.

2    §102(a)(1).  But, the Court is concerned that it lacks jurisdiction over ThermoLife's

3    claims of direct, contributory, and induced infringement because ThermoLife has

4    admitted that Creative has not sold any DIAC.  Thus, the Court will first examine the

5    ripeness of ThermoLife's direct, contributory, and induced patent infringement claims

6    and then determine whether summary judgment is appropriate on any remaining issues.

7    **A.    Ripeness**

8    "[I]nquiring whether the court has jurisdiction is a federal judge's first duty in

9    every case." *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693

10   (7th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).

11   In order for a federal court to have jurisdiction, the action before it must meet the case or

12   controversy requirement of Article III of the Constitution.  *See Caraco Pharm. Labs.*,

13   *Ltd. v. Forest Labs., Inc.*, 527 F.3d 1278, 1290 (Fed. Cir. 2008).  "[A]n action is

14   justiciable under Article III only where . . . the issues presented are ripe for judicial

15   review." *Id.* at 1291.

16   In the Federal Circuit,

17   > [w]hether an action is "ripe" requires an evaluation of both
     > the fitness of the issues for judicial decision and the hardship
18   > to the parties of withholding court consideration.  As to the
     > first prong, an action is fit for judicial review where further
19   > factual development would not significantly advance a court's
     > ability to deal with the legal issues presented.  As to the
20   > second prong, withholding court consideration of an action
     > causes hardship to the plaintiff where the complained-of
21   > conduct has an immediate and substantial impact on the
     > plaintiff.
22

23   *Id.* at 1294-95 (internal citations and quotations omitted).  Here, the Court is particularly

24   concerned with the second prong of the ripeness test because Creative has not actually

25   sold any DIAC.

26

27   **1.    The Ripeness of ThermoLife's Direct and Contributory Patent Infringement Claims**

28   ThermoLife has alleged that Creative has infringed the '533 Patent under 35

- 3 -

U.S.C. § 271(a). 35 U.S.C. § 271(a) provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." But, ThermoLife concedes that Creative has not made, used, or sold any infringing product and that ThermoLife is not seeking any monetary damages. (CV 11-1965, Doc. 51 at 2 n.1).

Instead, the "complained-of conduct" ThermoLife points to is an email and attached product sheet that Creative sent to approximately eleven potential customers. *Id.* at 4. The full text of the email is presented below:

> Creative Compounds is pleased to introduce **DIACtive** brand of diiodothyroacetic acid (DIAC), one of the most exciting dietary supplements of the decade. Having worked extensively with this novel ingredient, Creative Compounds knows all of the intricacies surrounding its pharmacology and usage. We have the unique ability to help your company properly formulate and integrate this ingredient into a top selling product on the market. Beware of other diiodothyroacetic acid products on the market that are not pure! Beware of other products on the market that are highly diluted but sell for an extremely high price. DIACtive is the most pure, highest quality DIAC in the industry and is GUARANTEED to be the lowest price diiodothyroacetic acid in the industry.
>
> Please see attached product summary and contact Creative Compounds for more info today.

(CV 11-1965, Doc. 51-1 at 13) (emphasis in original). The attached product summary contained language similar to the above email. *Id.* at 14. It further included a brief description of the effects of DIAC. *Id.* The product summary ended with a request to "[c]ontact Creative Compounds and get the best quality at the lowest price." *Id.*

As an initial matter, it is difficult to see how an advertisement which resulted in zero actual sales has a "substantial and immediate harm" on ThermoLife, particularly when the product was not advertised to the general market but only to eleven specific potential customers. But, 35 U.S.C. § 271(a) does provide that a patent can be infringed by "offers to sell." Accordingly, the Court will examine whether the Creative email constitutes an offer to sell.

In *Rotec Industries, Inc. v. Mitsubishi Corp.*, 215 F.3d 1246 (Fed. Cir. 2000), the Federal Circuit examined the meaning of the offer to sell language of 35 U.S.C. § 271(a). After a thorough analysis, the Federal Circuit concluded that "the meaning of 'offer to sell' is to be interpreted according to its ordinary meaning in contract law, as revealed by traditional sources of authority." *Id.* at 255. One such traditional source of authority, the Restatement (Second) of Contracts, defines an offer as "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Restatement (Second) of Contracts § 24.

Examining the Creative email under this standard, it is clear, as a matter of law, that Creative did not make an offer to sell under the meaning of 35 U.S.C. § 271(a). An important requirement for a communication to be an offer is that the reader understands that assent by them will conclude the deal. In the present case, both the email and the attached product summary instruct the recipient to contact Creative for more information. Thus, a recipient of the email would understand that more than their assent is required to conclude the deal, *i.e.* additional communication with Creative.

Next, the email is missing key information typically associated with an offer for sale. In particular, price and quantity information, which typically accompany any offer, are noticeably absent from the Creative email. These absent terms show that a reader of the email could not believe that only his or her assent was required to create a binding contract. Thus, the Creative email is not an offer and could not have produced the substantial and immediate harm of direct patent infringement. Accordingly, the Court will dismiss ThermoLife's direct patent infringement claim without prejudice for failing to meet the jurisdictional requirement of ripeness.[2]

ThermoLife's contributory patent infringement claim similarly rests on the Creative emails being offers for sale. *See* 35 U.S.C. § 271(b). Accordingly, the Court

---

[2] It is worth noting that Creative appears to concede that it made an offer to sell DIAC. (CV 11-1965, Doc. 56 at 4). Whether a communication is an offer, however, is a question of law. Thus, Creative's concession is not binding on this Court.

will dismiss ThermoLife's contributory patent claim without prejudice for failing to meet the jurisdictional requirement of ripeness.

### 2. The Ripeness of ThermoLife's Induced Infringement Claim

ThermoLife also claims that Creative has induced infringement of the '533 Patent. 35 U.S.C. §271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." "To establish liability under section 271(b), a patent holder must prove that once the defendants knew of the patent, they actively and *knowingly* aided and abetted another's direct infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (emphasis in original) (internal citations and quotations omitted). Notably, induced infringement does not require "offers to sell," distinguishing induced infringement from direct and contributory infringement.

Under this lesser standard, the Creative email could have produced the substantial immediate harm of induced patent infringement simply by informing and encouraging the public how to use DIAC in an infringing way. The Creative email explains that DIAC is "one of the most exciting dietary supplements of the decade" and that Creative has "the unique ability to help your company properly formulate and integrate this ingredient into a top selling product on the market." (CV 11-1965, Doc. 51-1 at 13). This arguably induces others to infringe Claim 11 of the '533 Patent. Thus, the Court concludes that ThermoLife's claim for induced infringement is ripe and will reach the merits of Creative's motion for summary judgment that there was no induced infringement

### B. Summary Judgment

In summary, after the Court's examination of jurisdiction, the remaining issues are ThermoLife's allegations of induced infringement and Creative's defenses of patent invalidity under 35 U.S.C. §102(a)(1). The Court will now examine whether either party is entitled to summary judgment on these issues.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A party asserting that a fact cannot be or is genuinely

disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations . . . admissions, interrogatory answers, or other materials," or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A)&(B). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of material facts. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a *genuine* issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed.R.Civ.P. 56(e) (1963) (amended 2010)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247-48. However, in the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *OddzOn Products, Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1401 (Fed. Cir. 1997).

### 1. Induced Patent Infringement (Count II in CV 11-1965)

Creative argues that the Court should grant summary judgment to Creative that no induced patent infringement occurred because ThermoLife has not shown evidence of another direct infringer. (CV 11-1965, Doc. 56 at 4). ThermoLife has provided no

argument in response. As the Court has already stated, induced infringement requires that "once the defendants knew of the patent, they actively and *knowingly* aided and abetted another's direct infringement." *DSU Med. Corp.*, 471 F.3d at 1305 (emphasis in original) (internal citations and quotations omitted). Because ThermoLife has provided no evidence of "another's direct infringement," the Court grants summary judgment to Creative on Thermolife's induced infringement claim.

### 2. Creative's Declaratory Judgment Action (CV 11-2033)

Having considered ThermoLife's claims for patent infringement, the Court now turns to Creative's request that the Court issue a declaratory judgment that the '533 Patent is invalid.

In the context of patent law, a court has jurisdiction over a declaratory judgment action under 28 U.S.C. § 2201 when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Here, Creative has actually been sued for patent infringement, despite the dismissal of some claims as unripe. This suit for of patent infringement creates sufficient controversy to support an examination of the '533 Patent's validity. *See Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1345 (Fed. Cir. 2007). Accordingly, the Court will now examine whether either party is entitled to summary judgment on Creative's defenses of patent invalidity.

### a. Anticipation under 35 U.S.C. §102(a)(1) through Prior Public Use

Creative asserts that the '533 Patent is invalid as anticipated under 35 U.S.C. §102(a) through public use. (CV 11-1965, Doc. 53 at 6-9). 35 U.S.C. §102(a)(1) provides that a patent is invalid if the invention "was . . . in public use . . . before the effective filing date of the claimed invention." In particular, Creative argues that the claimed invention was in public use before the filing date of the invention because Mr. Cornelius and Mr. Cornelius's employee Brenda Nixon used DIAC as a nutritional

1  supplement before the patent was filed. (CV 11-1965, Doc. 53 at 8-9). Creative relies on
2  the deposition of testimony of Mr. Cornelius and Ms. Nixon for this argument. *Id.*
3  Creative has also produced three emails between Mr. Tabak and Mr. Cornelius discussing
4  the sale of DIAC to Syntrax, Mr. Cornelius' company. *See* (CV 11-1965, Doc. 54-2);
5  (CV 11-1965, Doc. 54-3).

6  In response, ThermoLife asserts that Creative has failed to meet the clear and
7  convincing standard required to prove invalidity because Mr. Cornelius' and Ms. Nixon's
8  testimony is uncorroborated. (CV 11-1965, Doc. 57 at 12-14). Further, ThermoLife
9  contends that Mr. Cornelius and Ms. Nixon could not have used "the invention" because
10 Mr. Cornelius and Ms. Nixon did not know how DIAC would act a nutritional
11 supplement. *Id.* at 9-12.

12 In *Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728, 740-44 (Fed. Cir. 2002),
13 the Federal Circuit decided whether the testimony of six witnesses, without any
14 corresponding documentation, was sufficient evidence as a matter of law to invalidate a
15 patent. All of the witnesses were either defendants or business associates of the
16 defendants and the events the witnesses described happened eight to twelve years before
17 trial. *Id.* at 743. The Federal Circuit explained that the witness's credibility must be
18 examined under the *Reuter* factors. *Id.* at 741. These factors include:

19     (1) delay between event and trial, (2) interest of witness, (3)
       contradiction or impeachment, (4) corroboration, (5)
20     witnesses' familiarity with details of the alleged prior
       structure, (6) improbability of prior use considering state of
21     the art, (7) impact of the invention on the industry, and (8)
       relationship between the witness and alleged prior user.
22

23 *Id.* (citing *In re Reuter*, 670 F.2d 1015, 1021 n.9 (C.C.P.A. 1981)). Examining only the
24 delay between the event and trial and the interest of the witnesses, the Federal Circuit
25 concluded that the witnesses' testimony "was insufficient as a matter of law to surmount
26 the clear and convincing evidence hurdle" required to invalidate a patent.

27 In the present case, Mr. Cornelius is employed as a consultant by defendant
28 Creative and Ms. Nixon was a previous employee of Mr. Cornelius. Thus, Mr. Cornelius

and Ms. Nixon are interested witness for the purpose of the *Reuter* factors. *See id.* at 743; *see also Oney v. Ratliff*, 182 F.3d 893, 896 (Fed. Cir. 1999) ("The uncorroborated oral testimony of [the accused infringer], as the inventor, and his close associates would be insufficient to prove invalidity."). Further, the events described by Mr. Cornelius and Ms. Nixon occurred in the year 2000, approximately 13 years before any possible trial date. Taken together, these two factors weigh heavily in favor of a finding that Creative has not provided the necessary clear and convincing evidence to prove invalidity.

Next, the emails between Mr. Cornelius and Mr. Tabak do not corroborate any of Mr. Cornelius' or Ms. Nixon's testimony. No email ever mentions that Mr. Cornelius or Ms. Nixon used DIAC. The emails only contemplate the sale of DIAC. Thus, the emails do not sufficiently corroborate Mr. Cornelius's and Ms. Nixon's testimony. *See Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1370 (Fed. Cir. 1999) (holding that an article written by a witness describing the use of every claim limitation except one was insufficient to corroborate that witness' oral testimony that he had practiced the final limitation). Accordingly, the Court finds that, as a matter of law, Creative has failed to produce clear and convincing evidence of prior use.

### b. Anticipation under 35 U.S.C. §102(a)(1) through the On Sale Bar

Alternatively, Creative asserts that the '533 Patent is invalid as anticipated under 35 U.S.C. §102(a)(1) because the invention was on sale before the patent was filed. (CV 11-1965, Doc. 53 at 9-10). 35 U.S.C. §102(a)(1) provides that a patent is invalid if the invention "was . . . on sale . . . before the effective filing date of the claimed invention." Creative particularly alleges that an email sent from Mr. Tabak to Mr. Cornelius was a commercial offer to sell the invention before the filing date of the patent. (CV 11-1965, Doc. 53 at 9-10).

In *Pfaff v. Wells Electronics*, 525 U.S. 55, 67 (1998), the Supreme Court interpreted the "on sale" bar of the previous version of 35 U.S.C. §102. The Supreme Court explained that the on sale bar requires that "the product must be a commercial offer

1    for sale" and the "invention must be ready for patenting." *Id.* ThermoLife argues that

2    Creative has failed as a matter of law to meet the second prong of this test. (CV 11-1965,

3    Doc. 57 at 7-9). But, the Court must first consider, as a matter of law, whether the email

4    sent by Mr. Tabak is a commercial offer for sale.

5         The Federal Circuit, interpreting *Pfaff*, has explained that "the language used [in

6    *Pfaff*] strongly suggests that the offer must meet the level of an offer for sale in the

7    contract sense, one that would be understood as such in the commercial community.

8    Such a reading leaves no room for activity which does not rise to the level of a formal

9    offer under contract law principles." *Grp. One, Ltd. v. Hallmark Cards, Inc.*, 254 F.3d

10   1041, 1046-47 (Fed. Cir. 2001) (internal quotations omitted). The "contract law

11   principles" expressed in the Restatement (Second) of Contracts, as already explained,

12   require an offer to be immediately acceptable by the person who receives it. *See*

13   Restatement (Second) of Contracts § 24.

14        The email sent by Mr. Tabak purports to describe the "terms" for an "exclusive"

15   on the purchase of DIAC. The terms are expressed as follows:

16   > 1) As far as we can control end usage, it will be restricted to [DIAC] used for nutritional purposes in the US.

17   > 2) An expiry date for the exclusive should be fixed, with a way to extend it if necessary or convenient.

18   > 3) You will give me an idea of how much [DIAC] you estimate you will be using after you launch your product with it. Once your product is in the market, a minimum sale amount should be agreed upon.

19

20   > 4) The exclusive arrangement will not be valid from the moment another firm starts supplies of [DIAC] to the US

21   > nutraceutical market. If this occurs you agree to buy only from us if price and quality are comparable to those of any

22   > competitor.

23   > 5) You will advise us immediately if, for any reason, you drop the [DIAC] project or do not need an exclusive any

24   > more.

25   > 6) If you have not yet launched your product, there should be some compensation for [Mr. Tabak's company] if we have to reject eventual quotation requests or orders for [DIAC] during

26   > the exclusive period. I have not thought about the way to calculate such a compensation; probably the best [sic] will be

27   > to discuss it when the moment comes.

28   (Doc. 54-3, Exhibit C). The email concludes with the statement: "Please let me have

your ideas on this. Once we reach an adequate agreement, I will have to ask the possible future owner of 50% of the company to give his approval." *Id.*

Examining the contents of the email, the Court determines, as a matter of law, that the email is not a commercial offer for sale. The email specifically requests that Mr. Cornelius provide Mr. Tabak with more information, and contemplates a discussion of terms "when the moment comes." Further, Mr. Tabak explains that any deal will require the approval of the "future owner of 50% of the company." Thus, the email specifically contemplates additional discussion and approval before any contract is made. Accordingly, the Tabak email is not an offer for sale and the '533 Patent is not invalid as anticipated.

**III.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Creative's Motion for Summary Judgment (Doc. 53) asking this Court to declare the '533 Patent invalid is denied; Creative's Motion for Summary Judgment (Doc. 53) on Counts I and III is denied. Creative's Motion for Summary Judgment (Doc. 53) on Count II only is granted.

**IT IS FURTHER ORDERED** that ThermoLife's Motion for Summary Judgment (Doc. 51) is denied as to Count II. Consistent with this Order, Counts I and III are dismissed, without prejudice, because they are not ripe.

**IT IS FURTHER ORDERED** that ThermoLife's Cross-Motion for Summary Judgment (Doc. 57) on CV 11-2033 (in CV 11-2033 Creative seeks a declaration that the '533 Patent is invalid) is granted. ThermoLife shall submit a proposed form of judgment for CV 11-2033 within 17 days of the date of this order. Creative may file any objections to the judgment within 14 days of when it is filed.

/ / /

/ / /

/ / /

/ / /

**IT IS FINALLY ORDERED** that because neither party moved for summary judgment on Count IV in CV 11-1965, the Court will proceed to trial on that claim. An Order setting final pretrial conference will follow.

Dated this 15th day of November, 2013.

James A. Teilborg
Senior United States District Judge

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ron Kramer, an Arizona resident; Sal Abraham, a Florida resident; ThermoLife International LLC, an Arizona limited liability company, | CV 11-01965-PHX-JAT (Lead) |
| | CV 11-02033-PHX-JAT (Cons) |
| Plaintiffs, | |
| v. | **JUDGMENT** |
| Creative Compounds LLC, a Nevada limited liability company, | |
| Defendant. | |

| |
|---|
| Creative Compounds LLC, a Nevada limited liability company, |
| Plaintiff, |
| v. |
| Ron Kramer, an Arizona resident; and Sal Abraham, a Florida resident, |
| Defendants. |

On September 23, 2011, Creative Compounds LLC ("Creative") filed a complaint in the Eastern District of Missouri seeking a declaratory judgment that Creative did not infringe U.S. Patent No. 7,919,533 B2 ("the '533 Patent") and that the '533 Patent is invalid. (CV 11-02033, Doc. 1). In response, Ron Kramer, Sal Abraham and ThermoLife International LLC, (collectively, "Plaintiffs") filed a complaint in this Court alleging that Creative infringes the '533 Patent, induces infringement of the '533 Patent, contributes to

infringement of the '533 Patent, and falsely advertises its products in violation 15 U.S.C. § 1125(a)(1)(B). (CV 11-1965, Doc. 1). These two actions were eventually consolidated and assigned to this Court (hereinafter "the Consolidated Action"). (CV 11-1965, Doc. 12).

On November 15, 2013, the Court entered its Order on the parties' motions for summary judgment. (Doc. 71). The Court's Order resolved the claims and counterclaims asserted in the Consolidated Action, with the exception for Count IV of Plaintiffs' Complaint for false advertising. On December 16, 2013, the Court dismissed Count IV based on the stipulation of the parties (Doc. 80).

Based on the foregoing, the Court grants the motion for entry of judgment (Doc. 78) and enters **JUDGMENT on all claims in both the lead and the consolidated case** as follows:

1. Creative's claims that U.S. Patent No. 7,919,533 B2 is invalid are dismissed with prejudice.

2. Plaintiffs' claim that Creative has induced infringement of U.S. Patent No. 7,919,533 B2 is dismissed with prejudice.

3. Plaintiffs' claims that Creative has directly infringed and/or committed contributory infringement of U.S. Patent No. 7,919,533 B2 are dismissed as not ripe for decision.

4. Consistent with the Order at Doc. 80, Plaintiffs' claim that Creative has falsely advertised its product in violation 15 U.S.C. § 1125(a)(1)(B) is dismissed without prejudice with both sides to bear their own attorneys' fees and costs on just this claim.

/ / /

/ / /

/ / /

/ / /

5. The matter of costs and attorneys' fees, as between the respective parties, shall be reserved pending the entry of a final decree in this cause.

Dated this 3rd day of January, 2014.

James A. Teilborg
Senior United States District Judge